### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **David Panes,** | |
| Plaintiff, | Civil Action File Number: |
| v. | |
| **Dave's Epoxy Garage Floors LLC** | |
| Defendant. | *Jury Trial Demanded* |

### COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Mr. David Panes (hereinafter "Mr. Panes" or "Plaintiff"), by the undersigned attorneys, for his Complaint against Dave's Epoxy Garage Floors LLC ("Defendant"), upon actual knowledge with respect to himself and his own acts, and upon information and belief as to all other matters, alleges as follows:

### THE PARTIES

1.      Plaintiff is an individual residing at 7 Woodcrest Drive, Livingston, New Jersey 07039.

2.      Defendant is an Ohio limited liability company.  Upon information and belief, Defendant has a principal place of business at Boston Heights, Ohio.

### NATURE OF ACTION

3.      This is an action for trademark infringement of United States Trademark Registration No. 6,483,337 ("the '337 Registration" attached as Exhibit A).

1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the claims in this action pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 because it arises, in part, pursuant to 15

U.S.C. § 1114.

5.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant

maintains its principal place of business in this District, transacts business within the State of

Ohio and this District, and has committed the tortious acts specified herein within the State of

Ohio and this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

### Federal Registration of DAVE'S EPOXY FLOORING®

7.      Since at least as early as November 7, 2020, Plaintiff has offered housing services,

namely repair, improvement, and construction of residential real property under the mark

DAVE'S EPOXY FLOORING.  Included in those services, Plaintiff has installed epoxy flooring

for customers.

8.      Plaintiff advertises the services extensively, including via the Internet at

https://davesepoxyflooring.com/ and on a vehicle wrap as seen below:



9.      Plaintiff is the owner of registered and common law rights to the DAVE'S EPOXY

FLOORING mark.

10.     The '337 registration is valid and subsisting, and constitutes *prima facie* evidence of the

validity thereof and of Plaintiff's ownership and exclusive right to use the DAVE'S EPOXY

FLOORING mark, and is constructive notice of Plaintiff's ownership thereof, all as provided by

§§ 7(b) and 22 of the Federal Trademark Act of 1946, as amended.

11.     Plaintiff has invested substantial resources in promoting, marketing, advertising, and

selling housing services, including installation of epoxy garage floors, under the DAVE'S

EPOXY FLOORING mark.

12.     The DAVE'S EPOXY FLOORING mark is distinctive to both the consuming public and

Plaintiff's trade.

**Defendant's Unlawful Conduct**

13.     On or about March 1, 2021, Mr. David McKinney ("Mr. McKinney") registered Dave's

Epoxy Garage Floors LLC with the State of Ohio.  A copy of the Articles of Organization is

attached as Exhibit B.  Upon information and belief, Mr. McKinney has sole ownership and control of Defendant Dave's Epoxy Garage Floors LLC.

14.     Without Plaintiff's authorization, Defendant operated a website accessible at www.davesepoxyfloors.com (the "Infringing Website").  The Infringing Website advertised, *inter alia*, professional installation of epoxy floors under the brand DAVE'S EPOXY FLOORS.

15.     Defendant's use of DAVE'S EPOXY FLOORS in connection with the installation of epoxy garage floors is likely to be confused with Plaintiff's use of DAVE'S EPOXY FLOORING in connection with the same services.

16.     Defendant's use of the company name "Dave's Epoxy Garage Floors LLC" in connection with the installation of epoxy garage floors is likely to be confused with Plaintiff's use of DAVE'S EPOXY FLOORING in connection with the same services.

**Defendant's Refusal to Stop the Unauthorized Use of Plaintiff's Mark**

17.     On or about December 2022, Plaintiff discovered Defendant's Infringing Website. Plaintiff was at a Best Buy retail location and wanted to see how his website looked on one of the floor model computers.  Plaintiff typed in "Dave's Epoxy flooring" into a search engine, and the Infringing Website was returned in the search results.

18.     Concerned by the threat of likely confusion in the marketplace due to the similarity between the Plaintiff's and Defendant's marks, Plaintiff sent a letter to Defendant on January 23, 2023 which requested that Defendant cease use of the mark DAVE'S EPOXY FLOORS.

19.     On or about January 25, 2023, Mr. McKinney communicated to Plaintiff that the Infringing Website had been taken down.

20.     On or about February 2, 2023, Mr. McKinney communicated to Plaintiff that Defendant had "taken steps to begin differentiation…."

21.    Notwithstanding the prior communication, on or about February 4, 2023, Mr. McKinney communicated to Plaintiff that Defendant had no intention of changing the name of its business.

22.    On or about February 7, 2023, Mr. McKinney communicated to Plaintiff that "I will use my legally registered name on my business cards."

23.    Plaintiff has never authorized Defendant's use of DAVE'S EPOXY FLOORS or DAVE'S EPOXY FLOORING or DAVE'S EPOXY GARAGE FLOORS LLC or any confusingly similar mark.

24.    Defendant's continued use of the marks DAVE'S EPOXY FLOORS and/or DAVE'S EPOXY GARAGE FLOORS LLC is likely to cause confusion among consumers as to the source or origin of Defendant's services and infringes upon Plaintiff's registered and common law rights in the mark DAVE'S EPOXY FLOORING.

25.    Defendant's continued infringement of Plaintiff's rights in DAVE'S EPOXY FLOORING and the '337 Registration is willful.

26.    Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

<u>**COUNT I**</u>

**(TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114)**

27.    Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs.

28.    Plaintiff's use of the federally registered DAVE'S EPOXY FLOORING mark predates any alleged first use by Defendant.

29.    Defendant's use of DAVE'S EPOXY FLOORS and/or DAVE'S EPOXY GARAGE FLOORS LLC in connection with the installation of epoxy floors is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services

provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Plaintiff.

30.     Conversely, Defendant's use of DAVE'S EPOXY FLOORS and/or DAVE'S EPOXY GARAGE FLOORS LLC in connection with the installation of epoxy floors is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided or offered for sale by Plaintiff and the sponsorship or endorsement of those goods and services by Defendant.

31.     Defendant has misappropriated and continues to misappropriate Plaintiff's substantial property rights in the DAVE'S EPOXY FLOORING mark, as well as the goodwill associated therewith. Unless restrained by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Plaintiff and allow Defendant to improperly interfere with Plaintiff's continued promotion and expansion of its business.

32.     The acts of Defendant alleged above were committed willfully, with full knowledge of Plaintiff's rights and with the intention to deceive and mislead the public.

33.     Defendant will continue its ongoing acts of trademark infringement, causing irreparable injury to Plaintiff, unless such activities are enjoined by this Court.

34.     As a direct and proximate result of Defendant's unlawful activities, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## COUNT II

## (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a))

35.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs.

36.     Defendant's use of DAVE'S EPOXY FLOORS and/or DAVE'S EPOXY GARAGE FLOORS LLC in connection with the installation of epoxy floors is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Plaintiff.

37.     Plaintiff never authorized, licensed, or otherwise condoned or consented to Defendant's use of the marks DAVE'S EPOXY FLOORS and/or DAVE'S EPOXY GARAGE FLOORS LLC.

38.     Defendant has misappropriated and continues to misappropriate Plaintiff's substantial property rights in the DAVE'S EPOXY FLOORING mark, as well as the goodwill associated therewith.  Unless restrained by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Plaintiff and allow Defendant to improperly interfere with Plaintiff's continued promotion and expansion of its business.

39.     The acts of Defendant alleged above were committed willfully, with full knowledge of Plaintiff's rights and with the intention to deceive and mislead the public.

40.     Defendant will continue its ongoing acts of unfair competition, causing irreparable injury to Plaintiff, unless such activities are enjoined by this Court.

41.     As a direct and proximate result of Defendant's unlawful activities, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## COUNT III

### (UNFAIR COMPETITION, OHIO COMMON LAW)

42.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs.

43.     Through the conduct described above, Defendant has engaged in unfair competition under the common law of Ohio.

44.     Plaintiff's DAVE'S EPOXY FLOORING mark has acquired secondary meaning as a source identifier, and Defendant's use of a nearly identical mark for the same or similar services is likely to cause confusion.

45.     Defendant's conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the affiliation, connection, or sponsorship of Defendant's goods, services, and commercial activities with Plaintiff.

46.     Defendant's unlawful acts and practices have caused, and unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Plaintiff, for which Plaintiff has no adequate remedy at law.

47.     As a direct and proximate result of Defendant's unlawful activities, Plaintiff has and continues to suffer damages in an amount that is not presently ascertainable, but will be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant on the claims set forth above, and respectfully requests that this Court:

A.      Declare Defendant's unauthorized use of the DAVE'S EPOXY FLOORS mark infringes Plaintiff's valid intellectual property rights;

B.      Declare Defendant's unauthorized use of the company name DAVE'S EPOXY GARAGE FLOORS LLC infringes Plaintiff's valid intellectual property rights;

C.      Declare that Defendant's conduct was knowing, intentional, and willful;

D.      Preliminarily and permanently enjoin Defendant and those persons acting in active concert or participation with Defendant, or on its behalf, from using the DAVE'S EPOXY FLOORS mark or DAVE'S EPOXY GARAGE FLOORS LLC or any mark confusingly similar to DAVE'S EPOXY FLOORING in connection with housing services, including the installation of flooring;

E.      Order that all signage, business cards, advertisements, labels, prints, and other materials in Defendant's possession bearing the DAVE'S EPOXY FLOORS mark or DAVE'S EPOXY GARAGE FLOORS LLC or any colorable imitation of DAVE'S EPOXY FLOORING, be destroyed.

F.      Order that Defendant's business name (Dave's Epoxy Flooring LLC) be changed to another name that is not likely to cause confusion with Plaintiff's intellectual property;

G.      Award Plaintiff any and all monetary damages resulting from Defendant's unlawful acts as described herein, in an amount to be determined at trial;

H.      Award Plaintiff its costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and state law;

I.      Award Plaintiff treble damages pursuant to 15 U.S.C. § 1117;

J.      Award Plaintiff its costs, disbursements, expenses, and reasonable attorneys' fees in this action; and

K.      Award Plaintiff such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted this 16th day of March 2023,

   /s/ *Andrew Alexander*          
Raymond Rundelli (0030778)
rrundelli@calfee.com
Andrew Alexander (0091167)
aalexander@calfee.com
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: 216-622-8200
Fax: 216-241-0816

Noam J. Kritzer (to be admitted *pro hac vice*)
nkritzer@kmpatentlaw.com
**KRITZER MCPHEE LLP**
23 Vreeland Road, Suite 104
Florham Park, New Jersey 07932
Telephone: 973-679-7272

*Attorneys for the Plaintiff:*
*Mr. David Panes*